O JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8333 AHM (AGRx) | Date | March 3, 2011 |
|---|---|---|---|
| Title | JENNIFER FABIA v. FIRST STREET FINANCIAL, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiff: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

  On November 3, 2010, Plaintiff Jennifer Fabia filed this action in federal court, alleging sixteen causes of action against Defendants First Street Financial, Inc., Fidelity National Title Company, Quantum Servicing Corporation, First Madison LLC, and various Does ("Defendants") in connection with a foreclosure proceeding on Plaintiff's residence. Plaintiff based jurisdiction on alleged federal question jurisdiction. Compl. ¶ 12.

  On January 10, 2011, Defendant Quantum Servicing Corp. ("Quantum") filed this Motion to Dismiss[1] the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff, who is pro se, failed to oppose the motion, and Defendant has filed a notice of non-opposition with the Court.[2] "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, and finding a lack of jurisdiction over Plaintiff's claims, the Court GRANTS Defendant's Motion.

  The Complaint alleges a total of sixteen causes of action for: (1) declaratory relief; (2) injunctive relief; (3) invalidity of the lien under Cal. Comm. Code § 9313; (4) contractual breach of the implied covenant of good faith and fair dealing; (5) TILA, 15 U.S.C. § 1601 et seq.; (6) RESPA, 12 U.S.C. § 2601 et seq.; (7) Cal. Civ. Code §§ 1918.5

---

[1] Dkt. No. 10.

[2] Dkt. No. 12.

O        JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8333 AHM (AGRx) | Date | March 3, 2011 |
|---|---|---|---|
| Title | JENNIFER FABIA v. FIRST STREET FINANCIAL, INC., et al. | | |

- 1921.1920; (8) Cal. Civ. Code § 2932.5; (9) Cal. Civ. Code § 1916.7B; (10) rescission under TILA; (11) fraud in violation of Cal. Civ. Code § 1572; (12) Unfair and Deceptive Business Practices Act (UDAP); (13) breach of fiduciary duty; (14) unconscionability under UCC 2-3202; (15) predatory lending under California Bus. and Prof. Code § 17200 ("UCL"); and (16) quiet title.

Plaintiff's TILA and RESPA claims are Plaintiff's only federal causes of action. Here, all TILA and RESPA claims are time-barred.

Plaintiff's RESPA claim (claim six) was filed over four years after the closing of her loan, and thus is time-barred. The statute of limitations for RESPA is one year from the occurrence of the violation for claims arising under section 2607 or 2608, and three years for violations brought pursuant to section 2605. *See* 12 U.S.C. § 2614. Plaintiff alleges that the RESPA violations occurred leading up to the signing of the loan. Compl. ¶¶ 73-81. The loan closed on September 11, 2006, Compl. ¶ 19, and Plaintiff did not file this action until November 3, 2010, well outside of the statute of limitations. Moreover, contrary to Plaintiff's claim ten, there is no claim for rescission under RESPA. *See* 12 U.S.C. §§ 2605(f) & 2607(d). Accordingly, Plaintiff's RESPA claim (claim six) is time-barred and is therefore DISMISSED with prejudice.

Plaintiff's damages claims related to TILA, claims five and ten, are all also time-barred. *See* 15 U.S.C. §§ 1635(f) and 1640(e) (statute of limitations expires one year after date of loan closing for TILA claim for damages). Plaintiff's claim for rescission under TILA (claim ten) is based on Defendants' failure to properly disclose the details of the loan, and is therefore time-barred. 15 U.S.C. § 1635(f) (TILA claim for rescission expires "three years after the date of consummation of the transaction"). Accordingly, Plaintiff's TILA claims (claims five and ten) are DISMISSED with prejudice.

Therefore, because Plaintiff's federal claims must be dismissed with prejudice, the Complaint does not present a valid federal question. As such, there are no claims remaining that necessarily depend on resolution of an actual and disputed federal issue. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice to their being pursued in state court.

O      JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8333 AHM (AGRx) | Date | March 3, 2011 |
|---|---|---|---|
| Title | JENNIFER FABIA v. FIRST STREET FINANCIAL, INC., et al. | | |

    A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008).  Although Defendants First Street Financial, Inc., Fidelity National Title, and First Madison LLC did not join in Quantum's motion to dismiss, this Court GRANTS the Motion to Dismiss as to all Defendants.

    This action is therefore DISMISSED in its entirety, but with prejudice only as to the federal (TILA and RESPA) claims.

    No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

                                                          : 

Initials of Preparer      se